R. W. EVANS & CO., Inc. v. ORR et al.

No. 13637.

United States Court of Appeals
Fifth Circuit.

April 18, 1952.

Rehearing Denied May 13, 1952.

---

\* Phelps Dodge Corp. v. Nat. Lab. Rel. Board, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271.

R. W. Evans, in pro. per.

B. F. Paty, West Palm Beach, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Plaintiff below appeals from a judgment denying it a recovery of profits of which it claims it was deprived by fraud and collusion on the part of the defendants.

The substance of plaintiff's complaint is that it employed the defendant Archibald McNeill as its agent to find a purchaser for a small hotel, title to which plaintiff did not then own, but intended to acquire, as hereinafter stated. McNeill produced as a purchaser Ann Mary Orr, who entered into a contract with plaintiff R. W. Evans & Company, Inc., of which R. W. Evans was president, to purchase said property from plaintiff for $44,000. Title to the property was then in Dr. William Howard Hay Foundation, Inc., of which R. W. Evans was also president. The latter company was then in process of liquidation in bankruptcy in the Southern District of Florida. As president of both corporations, R. W. Evans was really their *alter ego*. Plaintiff, through Evans, intended to purchase the property at the trustee's sale in bankruptcy, and then convey it to said Ann Mary Orr in compliance with the contract of sale. Plaintiff was the only unsecured creditor of said bankrupt corporation, holding a claim against it for $10,300.

Plaintiff alleges that acting through its president, Evans, it employed defendant McNeill, who had knowledge of all the circumstances herein discussed, to purchase the property as plaintiff's agent at the trustee's sale in bankruptcy, for not more than $44,000. The difference between the actual purchase price paid by plaintiff at the sale, and the $44,000 to be paid by Mrs. Orr for the property, was to be a profit to plaintiff Evans & Company, of which profit ⅓ was to be paid to defendant McNeill for his services in producing Mrs. Orr as a purchaser.

Plaintiff further charges that McNeill, in violation of his fiduciary duty as agent of plaintiff, bid in the property for Mrs. Orr for $37,000, and thus plaintiff lost its anticipated profit of $7,000, which it here seeks to recover, together with punitive damages, alleging that defendants Orr and McNeill fraudulently colluded between themselves to deprive it of its said profit in the manner stated. On its unsecured claim of $10,300 against the bankrupt, plaintiff received a dividend of $2,300, whereas it would have received about $9,000 if the property had brought $44,000, instead of $37,000, at the trustee's sale.

McNeill admits that he was employed to, and did, procure the agreement of Mrs. Orr to purchase the property from plaintiff, but denies that he was employed as plaintiff's agent to bid in the property for the latter at the trustee's sale. He avers that on the contrary plaintiff, acting through Evans, advised him prior to the sale that plaintiff would not be able to perform the agreement with Mrs. Orr because plaintiff could not raise funds with which to bid in the property. McNeill also charges that he discovered prior to the sale that plaintiff, as president of the bankrupt corporation, had assigned a ⅕ interest in the property to a third party, and that there were other difficulties with the title, of all of which he advised Mrs. Orr. Whereupon, Mrs. Orr employed McNeill as her agent to bid in the property for her on the best terms available, which was done, and that at a duly advertised public and competitive sale he bid in the property for her for $37,000, and that at said sale, and prior thereto, Evans informed McNeill that he, Evans, could not and would

not bid at said sale. Evans attended the sale, but did not bid. Mrs. Orr makes substantially the same defense.

The trial judge heard the evidence in person, without a jury. He denied plaintiff any recovery, finding that the only obligation assumed by defendant McNeill was to produce Mrs. Orr as a purchaser from plaintiff, in the event plaintiff could acquire the property at the trustee's sale. The trial judge further found that McNeill neither expressly nor impliedly agreed to act as plaintiff's agent at the trustee's sale, nor did he expressly or impliedly agree with plaintiff to bid $44,000 at said sale, or any other amount, in behalf of his disclosed principal, the defendant Mrs. Orr, for whom he was openly acting at the sale with the knowledge of Evans, who was present.

In these findings, the trial court was fully supported by the evidence.

Affirmed.